*Litchfield,*
June, 1846.

NETTLETON and another *against* NETTLETON and others.

Nettleton
*v.*
Nettleton.

Estate specifically devised to the several children of the testator, is not to be brought into hotchpot, and treated as advanced portions, in the distribution of the intestate estate.

Where the judge of probate was uncle to the husband of one of the devisees and heirs at law of the estate in settlement; it was held, that this relationship did not disqualify him to act as judge in the settlement of such estate.

THIS was an appeal from a decree of the court of probate for the district of *Norfolk*, making distribution of the estate of *Titus Nettleton*, deceased.

On the 2d day of *April* 1844, *Titus Nettleton* made his last will and testament; and died, on the 6th day of *January* 1845. By this will, the testator gave to his son, *Joseph Nettleton*, a large part of his estate, being of the value of nearly 2000 dollars. To his other children he made the following devises and bequests: To his daughter, *Almira Mills*, a note for 300 dollars, against *Irad Mills*, secured by mortgage on his land and buildings. To his son, *George Nettleton*, a tract of land particularly described. To his daughter, *Lois Brown*, another tract of land, particularly described. To his son, *Titus M. Nettleton*, another tract of land, particularly described; also his wearing apparel. To his daughter, *Mary L. Belden*, all the remainder of the land he owned, *West* and *North* of *Loon* brook. To his son, *John Nettleton*, all the land he owned on the *Greenwoods* turnpike road, which he bought of *Titus M. Nettleton*; also 350 dollars, in money, or in claims which this legatee might have against him.

*Joseph Nettleton*, the first-named devisee, died, on the 2nd of *December* 1844, during the life-time of the testator, being about five weeks before the decease of the latter; in consequence of which, the property so given by the will to him, became a lapsed legacy.

The court of probate found, that the property so given by the testator, in his will, to his surviving children, was given as part of the portion or share of each in their father's estate. The value of the property given to each, was found to be as follows, *viz.* that given to *George Nettleton*, 352 dollars; to *Almira Mills*, 350 dollars; to *Lois Brown*, 270 dollars; to *Mary L. Belden*, 270 dollars; to *Titus M. Nettleton*, 488 dollars, 70 cents; to *John Nettleton*, 500 dollars. In addition

*Litchfield,*
June, 1846.

Nettleton
*v.*
Nettleton.

to these several sums, the testator had advanced, in his life-time, to each of his children, the sum of 150 dollars. All of these sums, the former as well as the latter, the court of pro-bate considered as part of the respective portions or shares of said children in their father's estate. It was then found, that there was remaining intestate estate of the deceased, of nearly the value of 2000 dollars, which was ordered to be divided among his children, in such manner as to make their shares equal, including what they respectively took under the will; and distributors were appointed to make distribution accord-ingly.

From this decree, *Titus M. Nettleton* and *John Nettleton* appealed, claiming, that said court should have ordered distri-bution to be made to and among the surviving children, in equal proportions, irrespective of any thing which they, or either of them, received under the will. It was also alleged in the reasons for appeal, and found to be true, that *Michael F. Mills,* Esq., the judge of the court of probate, by whom said decree was made, was, at the time of making the same, and still is, uncle by nature to *Irad Mills,* the husband of said *Almira Mills,* one of the devisees and heirs at law of the de-ceased, to whom distribution was ordered to be made.

By agreement of the parties, the case was reserved for the advice of this court, as to what judgment should be rendered on the appeal.

*Church,* for the appellants, contended, 1. That the distri-bution was not according to law. The will is to be carried into effect, *as it is,* and not according to any notions of equal-ity the judge of probate may have. The testator had a right to dispose of his estate as he pleased; and his will is not to be thwarted. His advancement of 150 dollars to each of his children, in his life-time, could have no effect upon the con-struction of his will. Secondly, to constitute an *advancement,* it is essential that it be by gift, *in the life-time of the ancestor. Stat.* 234. *tit.* 31. *c.* 1. *s.* 30. (ed. 1838.) A will does not take effect until after the death of the testator. Thirdly, the law considers a lapsed legacy as intestate estate; and it is to be distributed as if there had been no will.

2. That the general law as to the disqualification of judges, by reason of relationship, is applicable to this case. The

HARVARD LAW LIBRARY

*Litchfield,*
*June, 1846.*

Nettleton
*v.*
Nettleton.

statute declares, that whenever there shall be so near a relationship between *any* judge and any party in a civil action, as between uncle and nephew, by nature or marriage, such judge shall be disqualified to act as judge, or render judgment. *Stat.* 131. *tit.* 19. *s.* 38. (ed. 1838.) Here the relationship specified exists. Besides, this is a disqualification at common law.

*Ellsworth,* for the appellees, contended, 1. That the distribution was correct. The children were entitled to this intestate estate in equal shares. Equality is equity, and at this the law aims, where its aid is called for; and particularly, in the apportionment of an estate among heirs, each of them having the same relation to the deceased. Had those portions given by will been given by deed, to take effect at once, or on the death of the grantor, it could not be controverted that the proceeding of the judge of probate would be correct. But the reason and principle of the thing are the same here, as in that case. The statute speaks of children who have received their *full* share in the life-time of the deceased; but when it comes to those whose shares are not equal to the rest, it declares, that they shall have so much of the estate as shall make all their shares equal. *Stat.* 234. *tit.* 31. *c.* 1. *s.* 30. (ed. 1838.) Estate given by will, is, both technically and by an equitable construction of the statute, a " portion" of the estate of the deceased, as much as any other. Where all one's property is given by will to his children, and he afterwards acquires real estate, and has a posthumous child, the devisees must bring the devised land into hotchpot, in order to entitle themselves to a share of such estate. *Vance* v. *Sterling,* 2 *Yerg.* 135.

2. That the judge of probate was not disqualified to judge in this case. The legislature have acted on the subject, and have pointed out specifically what relationship shall disqualify a judge of probate; *Stat.* 128. *tit.* 19. *s.* 29. (ed. 1838.) and the relation subsisting between judge *Mills* and *Almira Mills,* or her husband, is not embraced in this statute. This supersedes the general provision in another statute of a much earlier date.

HINMAN, J. The court of probate, in finding the advancements, which *Titus Nettleton,* deceased, had made to his chil-

dren, in his life-time, preparatory to ordering a distribution of his *intestate estate*, treated certain specific legacies and devises to said children, as advanced portions; and thereupon ordered said estate to be distributed, upon the basis of making all his children equal sharers in the whole estate, testate and intestate.

*Litchfield,*
*June, 1846.*

Nettleton
*v.*
Nettleton.

This was erroneous. The effect of it was, to distribute the estate precisely as if no will had been made : and such would be the effect, in all cases, where the property given to one child by will, is not of greater value than a share of one of the children not advanced, in the intestate estate; and thus the object which testators usually have in making wills, would be defeated. Besides, the statute of distributions confines the advanced portions of children, to be found of such estate only as they received in the "life-time" of the deceased. *Stat.* 234. (ed. 1838.) But property given by will the devisees cannot take, till the will becomes operative, by the testator's death.

One of the reasons for the appeal, is, that the judge of probate, who issued the order appealed from, was the uncle by marriage of one of the devisees, who was also an heir at law of the deceased. This has not been much insisted on, as sufficient to disqualify him from acting in the settlement of the estate : and it is enough to say, that this relationship is not one of the causes mentioned in the statute as disqualifying a judge of probate. *Stat.* 128. (ed. 1838.)

We should not, therefore, for this cause, reverse the proceedings. But, for the former reason, we advise the superior court to disaffirm the decree of probate.

In this opinion the other Judges concurred.

Decree of probate disaffirmed.