In the matter of the petition of LEEFE and wife.

The constitution having given to parties an appeal to the chancellor from all inferior
equity tribunals, and the legislature not having made any provision authorizing
any other person to sit for him in a case where he is related to one of the
parties, the chancellor is bound to hear an appeal, even where a near relative is
personally interested therein.

The provision of the statute, prohibiting any judge from sitting, where he is related
to either of the parties, is controlled by the constitution, as the paramount law.

THIS was a submission, by the parties, in the nature of an
application to dismiss an appeal upon the ground that the
chancellor had not jurisdiction to hear it. A petition was ori-
ginally presented to the chancellor, not only asking directions
that the late assistant register should transfer, to the petitioners,
property which he held in his official character, but asking fur-
ther relief against the assistant register personally. Under
those circumstances, the chancellor deemed it proper, on ac-
count of relationship, to refer the petition to the vice chancellor
of the first circuit, to hear and decide the same. The vice
chancellor made a decree affecting the assistant register, in his
official character only; from which decree the latter appealed.

*Murray Hoffman*, for the appellant.

*John Anthon*, for the respondents.

THE CHANCELLOR. As the constitution gives to parties an
appeal to the chancellor from all inferior equity tribunals, and
the legislature has made no provision authorizing any other
person to sit for him, in a case where that officer is related to
one of the parties, the chancellor is bound to hear the appeal,
even where a near relative is personally interested. This was
done by Chancellor Kent; who took jurisdiction of, and heard,
a litigated cause, in which his brother was one of the parties,
and personally interested. He also heard and decided the case
of *Mooers* v. *White*, (6 *John. Ch. R.* 360,) where his brother-in-
law was the complainant; the legislature not having authorized

any other person to sit for the chancellor, in such a case. The statute, it is true, prohibits any judge from sitting, where he is related to either of the parties within the ninth degree, of affinity or consanguinity; but it has not provided for any other person, or tribunal, to exercise the appellate power, which is given to the chancellor, by the constitution, in such cases. The constitution must, therefore, control; as that is the paramount law.

Again; there does not appear to be any valid objection in principle, to my hearing the appeal in this case. For the subject matter of the appeal is now, by operation of law, transferred to the new assistant register, who is not a relative; if that subject matter ever belonged to the late assistant register, under the decree which was made more than twenty-five years before he came into office. And it appears by the petition, in this case, that the law courts, as well as the vice chancellor, have decided that the appellant held the legal title to the property in controversy in his character of assistant register merely. I must, therefore, hold that I have jurisdiction and am bound to hear this appeal. But it is probably a case in which an order should be entered to have the proceedings continued in the name of the present assistant register; unless he should think proper to submit to the decision of the vice chancellor, and waive the appeal, after investigating the case.