CHARLES B. RUSSELL, administrator of EVELINA BELCHER,

*vs.*

HANNIBAL BELCHER.

Franklin.   Opinion December 15, 1884.

*Judge of probate.   Executors and administrators.*

A judge of probate appointed an administrator with the will annexed upon the estate of a testatrix whose deceased husband was the judge's uncle.   *Held,* that the judge was legally competent to make the appointment, the relationship between him and the testatrix not rendering the appointment void.

ON REPORT.

The opinion states the case.

The report provided that if the relationship of the judge of probate with the testatrix rendered the administrator incompetent to act in such capacity, then the action should stand in court for further action of the probate court.   Otherwise the defendant was to be defaulted.

*S. Clifford Belcher*, for the plaintiff.

*Hannibal Belcher*, for the defendant.

PETERS, C. J.   The question is whether a judge of probate is competent to appoint an administrator (with the will annexed) upon the estate of a testatrix whose husband was the judge's uncle.   The judge, a nephew of the husband of the testatrix, made such an appointment.   The defendant is sued upon a note (given to the testatrix in her life-time) by the administrator, and, as a defense to the action, contends that the judge was not competent to act in the premises, and that the appointment was void.

Reliance is placed by the defendant upon the case of *Hall* v. *Thayer*, 105 Mass. 219, as an authority for the position taken. It was there held that a judge of probate was disqualified by personal interest to appoint his wife's brother an administrator of the estate of a deceased person.   The judgment of the court seems to have been based upon that ground and the additional objection that the judge's wife's father was a principal creditor of the estate.   The opinion is qualified in the case of *Aldrich, Appellant*, 110 Mass. 189, to the effect that the decision should stand upon the first named ground alone.   The decision is an important one, very sweeping in its effect, and the extent to which we should be willing to accept its doctrine would be a questionable proposition whenever a proper occasion arises for its discussion.   At all events, the case, though of a kindred character, differs from the present case.   There a relative was appointed to a place of trust.   Here it is not so.   The judge is not related by blood or affinity to the administrator.

At the older common law, personal interest formed the only ground for challenging a judge.   Bou. Law Dic. "Incompetency." It was not objectionable for a judge to sit in a cause to which a relative was a party.   The public sense has become finer in that respect than formerly.   According to Chancellor WALWORTH's statement, Chancellor KENT sat in a cause where his brother-in-law was personally interested, and in another case where his own brother was the complainant. *In re Leefe*, 2 Barb. Ch. 39.   He

presided probably because there was no other court that had jurisdiction of the cases. The historical phase of judicial disqualification is learnedly presented by FOLGER, J., in the case of *In re David R. Ryers*, 72 N. Y. 1.

The matter of judicial disqualification for any cause, is not regulated by any written law in this state, except that in our constitutional bill of rights it is established that "right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay." The principle is one of the common maxims and truths of the law.

But there must be some reasonable limit in the degree of relationship that disqualifies, and to the conditions under which such a disqualification applies. The degree of relationship would be determined by the general provision of our statutes, reading thus : "When a person is required to be disinterested or indifferent in a matter in which others are interested, a relationship by consanguinity or affinity within the sixth degree within the civil law, or within the degree of second cousins inclusive, except by written consent of the parties, will disqualify."

The more important question is, under what circumstances is a judge debarred from acting when a relative has an interest? The limit at which an absolute disability attaches should be clearly marked and easily defined. The common good requires it. It is generally allowed that the same interest which would debar a judge from sitting, if personal to himself, does not necessarily prevent his sitting where a relative has the interest. A judge cannot sit if he has any interest whatever. He may sit in some cases where a relative has an indirect interest. There are many instances where a judge may legally act when from motives of delicacy he would decline to do so.

The true test is, whether the relative has an interest *as a party* to the cause or proceeding before the judge, or stands in the condition of a party. In *Aldrich, appellant, supra,* it is said : "There is not the same reason that the remote or contingent interest of a relative or connection should exclude the judge from acting. It is only when the relative is a party or has a direct or apparent interest in the matter to be passed upon by the judge,

that the condition arises that works a disqualification." As said by RAPALLO, J., in the case of *In re Dodge & Stev. Mfg. Co.* 77 N. Y. 101: "Judgments and proceedings of courts against corporations would stand upon a very precarious foundation in these days, if they could be overturned on discovery that some judge who took part in them was related by blood or marriage to some stockholder of the corporation." It would be difficult for a judge to know when he could safely sit in cases where large corporations are parties.

To apply these principles to the facts, how does it appear that the judge did an improper act? Both heirs and creditors must have been interested in having some person take the administration of the estate. What pecuniary interest in the matter had any relative of the judge against any other person? It does not even appear that there were creditors. Who is the adversary party? Who opposed the appointment? If a person is interested as a party there must be another party concerned. There must be some actual or implied or apparent issue. *Non constat* that all interested persons did not consent to the appointment. Their interests may be identical rather than diverse. Even where the judge is disqualified to act from his own personal interest, it must be something more than a merely possible and theoretical interest. It must be an actual interest however small, direct or indirect. He can do merely formal acts when a relative is interested as a party. Cool. Con. Lim. § 413. The pecuniary interest of the judge's relatives was not whether A or B be appointed, but merely that a suitable person should be. Chancellor WALWORTH decided that it was not incompetent for a vice-chancellor to appoint his son upon a committee of lunacy, it being merely a ministerial service to be performed under the direction of the court. *In re Hopper*, 5 Paige, Ch. 489. See *Nettleton v. Nettleton*, 17 Conn. 542.

If a question arise upon the accounts of the administrator between him and the heirs, it may be that the judge could not properly decide the question. If the judge had made a relative the administrator, that would have been another question. Even in such a case we should be unwilling, unless grave consideration

should lead us to such a conclusion, to declare the appointment erroneous, or unless the appointment were made upon some issue, heard before the judge, between interested persons, the issue being whether the relative or some one else should be appointed. If all interested persons wanted the judge's relative, why not have him. If no one seasonably objects, may not the objection be considered as waived? That may present a question which we now have no occasion to consider.

In this connection, another phase of the general question may not be inappropriately adverted to, (although not necessary to the result reached in the case before us,) lest it might appear to have escaped the attention of the court in so important a discussion. And that is whether the proceedings before a judge, in cases where there is, at common law, an objection to him on account of relationship to parties, are void or merely voidable. It was held in learned and exhaustive opinions in New Hampshire that the proceedings are voidable and not void, except in the case of inferior tribunals where error or appeal does not lie, and that in that sense the court of probate is not an inferior tribunal. *Moses* v. *Julian,* 45 N. H, 52 ; *Stearns* v. *Wright,* 51 N. H. 600. The doctrine of the cases cited is that the proceedings before a judge where he is himself interested are void. He should know that he is interested. But proceedings before him, when not proper because his relatives have an interest as parties, are only voidable. In the first of the cases it was held that a judge of probate who had written a will, was disqualified to sit upon the probate of it, but that an appeal could be taken and the will be approved in the court above. We need not express any opinion for ourselves upon this question at this time.

*Defendant defaulted.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.