SARAH E. STEVENS *vs.* COUNTY COMMISSIONERS.

Somerset.    Opinion December 10, 1902.

*Certiorari.    Record.    Evidence.    Petition.    Relationship.*

The following facts appeared upon a petition for a writ of certiorari to quash the proceedings of the county commissioners of Somerset County in laying out a winter road:—

A hearing was had upon the petition, before a justice of the Supreme Judicial Court, asking for a writ of certiorari to quash the proceedings of the county commissioners in laying out a winter road, upon the ground that the commissioners had no jurisdiction over the case, as it was presented to them, one of the members of the board being related to several of the petitioners within the degree of second cousin.    The writ was granted and the case then reported to the law court for its decision.    The record of the proceedings of the county commissioners was sent up, as the writ required, but in the records neither the error of which the petitioner complained nor any other error appeared.    An inspection of the record sent up showed complete jurisdiction on the part of the court of commissioners and that their proceedings were without error or defect.    *Held;* that the record was conclusive upon all matters contained in it, and that no evidence dehors the record could be admitted upon the writ.

It further appeared, from an inspection of the record sent up, that the petitioner, in her petition, did not allege that she did not know, at the inception of the proceedings, of the relationship of which she complained, nor that, if she did not so know, she could not by the exercise of reasonable diligence have ascertained the fact.

*Held;* that the petitioner should have alleged, in her petition, that she did not have such knowledge and that, by the exercise of reasonable diligence, she could not have ascertained it.

On report.   Writ of certiorari quashed.

This was a hearing on a writ of certiorari commanding the county commissioners of Somerset County "to send and bring and have before our said justices of our said court  .   .   .   .   the full record of their proceedings upon said petition of the said Sarah E. Stevens with all things touching the same fully and entirely, as the same remain before them, by whatever names the parties are therein called," that the court might determine whether the record should be quashed for the second reason set out in the writ, the first having been abandoned.

That reason is alleged to be "because Alonzo Smith, one of the board of county commissioners, who took part in the adjudication upon said petition and appeal therefrom, was related to three of the signers of said petition, within the sixth degree by marriage or consanguinity."

*Forrest Goodwin,* for petitioner.

*Geo. W. Gower,* for respondent.

SITTING: WISWELL, C. J.. EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.   Certiorari to quash the proceedings of the county commissioners of Somerset County in laying out a winter road.   All the proceedings, from the petition to selectmen to the judgment of the commissioners, were regular and in proper form.

The selectmen, upon proper petition, laid out the road, as prayed for, over the land of the petitioner.   The petitioner appealed from their decision to the court of county commissioners.   The county commissioners, upon proper notice and hearing, confirmed and adopted the action of the selectmen.

The petitioner then appealed from the decision of the county commissioners to the Supreme Judicial Court, for Somerset County.   At the March term of court, 1901, the appeal was dismissed and the decree of the county commissioners affirmed.

After all these proceedings, admitted to be regular, the petitioner asks to have the proceedings of the commissioners annulled, "Because

Alonzo Smith, one of the board of county commissioners, who took part in the adjudication upon said petition and appeal therefrom, was related to three of the signers of said petition within the sixth degree of marriage or consanguinity; which errors are in proceedings that are not according to the course of the common law and should be quashed." The above alleged error does not appear in any of the proceedings or the record thereof.

We do not think the writ of certiorari will reach the difficulty. No evidence dehors the record can be admitted, upon the writ, to show irregularities and errors in the proceedings.

An inspection of the record alone must determine the sufficiency of the proceedings.

*Emery* v. *Brann*, 67 Maine, 39, was a petition for certiorari to require justices of the peace and of the quorum to certify up the record of their proceedings in taking the disclosure of a debtor under R. S., c. 113. In this case it was held, not only that the error complained of must appear by an inspection of the record, but that the error should be alleged in the petition. On page 44 the court say: "But it is not alleged in the petition that the irregularities and errors specified appear by the record of the justices, which they seek to have quashed. The petition should contain such an allegation."

It also appears from that case that the alleged error in the proceedings was, that it did not appear by the citation that the debtor was arrested and gave bond in the County of Somerset, and therefore the justices had no jurisdiction, and the court expressly says that, if the debtor was not arrested in that county, the proceedings were unauthorized, and that the facts, if allowed to be proved, would show a want of jurisdiction on the part of the court making the record. Yet the court held that no evidence was admissible, even the original papers in the case, to show error, fraud, want of jurisdiction, injustice or any other fact by testimony dehors the record. In giving expression to the opinion of the court, Mr. Justice LIBBEY quoted *Pike* v. *Harriman*, 39 Maine, 52, in which it was said, "The petitioner offered to prove certain facts dehors the record, but the evidence was held inadmissible." "The court say: 'A writ of certiorari can

present only a record of their proceedings, but no testimony can be received from the petitioner to affect the record or to prove other facts not appearing in it,' citing *Commonwealth* v. *Bluehill Turnpike,* 5 Mass. 420. The same rule is affirmed in *Ross* v. *Ellsworth,* 49 Maine, 417."

In *Emery* v. *Brann,* supra, certain original papers were offered propounding certain questions tending to contradict the record. But the court say: "By the record it appears that no such question was put to the debtor by the attorney for the creditors. The evidence offered is not admissible to show error in the record. Nor is it admissible to prove fraud. Upon this point it is sufficient to say that the petition alleges no fraud in the record. If there was fraud in the proceedings, a writ of certiorari is not the proper remedy to correct it. Nor is the evidence admissible to show that injustice was done by the justices, for the reasons stated in the case above cited."

In the case at bar "it is not alleged in the petition that the irregularities and errors specified appear by the record," nor could it be so alleged, nor does the error in fact appear of record, for the error was in no way presented to the attention of the commissioners, and could not be of record even by way of correction or amendment.

The above case would seem to be decisive of the case at bar, but there are many other cases, decided by our own court, to the same effect.

"The writ prayed for can present only the records of the proceedings by the tribunal. Nothing dehors the record can be proved by the petitioner." *Foss* v. *Ellsworth,* 49 Maine, 418.

"Moreover it was held in *Pike* v. *Harriman,* supra, that the writ prayed for can present the record only and nothing dehors the record can be proved by the petitioner." *McPheters* v. *Morrill,* 66 Maine, 125.

"When the writ issues the court can act only on the record as produced. No evidence aliunde is receivable. The record is conclusive, and if error exists the proceeding is quashed." *White* v. *Commissioners,* 70 Maine, 326.

"For when the writ issued, the sufficiency of the record returned

in answer to the writ, must be determined from an inspection of it."
*Hewitt* v. *County Commissioners,* 85 Maine, 309.

"Whether the proceeding by certiorari is regarded as one merely to set aside proceedings in excess of the jurisdiction of the inferior tribunal, or as including the power to review errors committed in the exercise of existing jurisdiction, the attack thereby must be supported solely by the record which is brought before the Superior Court, and the parties cannot go beyond it to show either the existence of alleged errors, or that the judgment sought to be annulled is in excess of the jurisdiction of the court, or was entered in a case in which it had no jurisdiction whatever over the subject matter or of the parties against whom the judgment was rendered." *Morrill* v. *Morrill,* 20 Oregon, 96, 23 Am. St. Rep. note, page 108, and cases cited.

The petitioner in her brief cites certain cases which assert in a general way that, when an inferior court of record acts without jurisdiction, such cases will be quashed upon a writ of certiorari; but it should be observed that every case cited, and also every case we have been able to find, laying down such a general proposition, is based upon the fact that the want of jurisdiction, in every instance, has appeared as a matter of law from the inspection of the record.

She further contends that the quashing of the proceedings should depend, not upon the inspection of the record, but upon the facts proved, at the hearing upon the petition, to determine whether the writ should issue, and points out that it would be an anomalous proceeding for the justice hearing the petition to find sufficient evidence to authorize him to grant the writ, and then, for another justice, at the hearing upon the writ, to hold that no such error appeared of record as would warrant the quashing of the proceedings.

But such has been done and such is the law. Judge VIRGIN in *Levant* v. *County Commissioners,* 67 Maine, 434, in an elaborate opinion, reviewing the cases, and laying down a mode of procedure upon the petition for certiorari says: "An examination of the reported cases in this State shows that the course of procedure has not been so uniform in some respects, as is desirable; and we have found much hesitation and uncertainty in the proceedings at nisi prius. It has been the invariable practice, however, to hear the

whole case upon the petition, and from this fact the judgment upon the petition granting the writ has in some instances been deemed by the parties, 'ipso facto,' a quashing of the record. *State* v. *Madison*, 53 Maine, 546. All the authorities concur in excluding all evidence extrinsic to the record *when it is before the court on the writ.*"

*Hewitt* v. *County Commissioners*, 85 Maine, 308, also shows that the proceedings upon the petition and the writ are entirely distinct. The court say on page 309: "In this case after hearing upon the petition the court, being in doubt from the answer as to some of the facts set up in defense, the defendants not being at hand to verify a more particular statement of them, and to give progress to the case, ordered the writ to issue, and, without prejudice to the defendant's right to return, in answer thereto, an amended record." The writ had been granted, and the hearing, in this case, was upon the writ. But the court quashed a part of the record and affirmed the rest, saying on page 312: "It is settled law that a record may be affirmed in whole or in part in proceedings of this nature."

*Phillips* v. *County Commissioners*, 83 Maine, 541, is a case in which one justice granted the writ upon the petition, and, in answer to the writ, the respondents certified the record of their proceedings, and another justice, at the hearing upon the writ, ordered and decreed, "Writ of certiorari quashed with costs. Disposition of writ to be certified to the county commissioners." To this decree exceptions were taken and overruled by the law court.

Thus it would seem that the hearing upon the petition is to enable the court to determine whether, in its discretion, it will issue the writ, directing the Superior Court to determine, by an inspection of the record itself, whether such record is defective or irregular, as alleged in the petition.

After the writ has issued and the record is before the court on certiorari, evidence as extrinsic to the record is inadmissible. Its errors cannot be corrected nor its omissions supplied. The action of the court is on the record as certified. APPLETON, C. J., in *Dresden* v. *Commissioners*, 62 Maine, 368.

The mere granting of a writ of certiorari is not tantamount to

issuing the writ, and quashing the proceedings thereon. No judgment to quash the proceedings of the Commissioners was rendered by grant of leave for the writ to issue. Non constat that judgment to quash would have been rendered if the writ had been issued. A writ of certiorari, like any other writ, is subject to be quashed for cause shown. *State* v. *Madison,* 63 Maine, 550.

If, upon inspection, it is thus defective or irregular, the court will quash the record; but if not, it will quash the writ.

There is another phase of the case which, we think, is fatal to the petitioner's contention. It does not appear by the plaintiff's bill that she did not know, at the very beginning of the proceedings, the relationship of the original petitioners to commissioner Smith. Her petition is entirely silent as to when she made the discovery of the alleged disqualifying relationship.

It would be great error, and unjust, to quash the proceedings by allowing the petitioner to take advantage of her own laches; hence the great necessity resting upon her to allege, not only that she did not know, but that, by the exercise of reasonable diligence, she could not have discovered, the relationship complained of in season to make objection thereto before the case was finally disposed of.

Not having so alleged, we think she must be regarded as guilty of laches, or to have waived any objection she might have offered. This case was contested with vigor and heard three times, and, at the last hearing on the appeal to the Supreme Judicial Court, the whole question of jurisdiction was open to attack upon offering the report of the commissioners for acceptance.

*Phillips* v. *County Commissioners,* 83 Maine, 541 is decisive on this point. The court say: "When an appeal has been taken from the decision of county commissioners in laying out a highway, all objections to their jurisdiction or their otherwise invalid proceedings may be taken when the report of the committee is offered for acceptance in the Supreme Judicial Court. And if not then taken, no writ of certiorari would be sustained to quash their proceedings."

The above decisions being conclusive, it is unnecessary to consider the other propositions raised in the case.

*Writ of certiorari quashed with costs.*