CLARA M. HUGHES, ET AL.

*vs.*

MARY BLACK, ET AL.

Penobscot.   Opinion, April 11, 1960.

*E. Donald Finnegan*

*Harry Stern*

*Edward Stern*

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before us upon exceptions of the defendants, Catherine Hughes Sexton and Patrick Sexton. There is nothing in the record to indicate the nature of the action except that in the motion for disqualification of the presiding justice, there is a brief statement to the effect that the litigation involves a bill for partition. The only other information we have is that contained on the cover of the record submitted, which indicates that this was a bill for partition brought by Clara M. Hughes, et al., against four defendants, two of whom are pressing exceptions in this court.

It appears from the bill of exceptions that at some undisclosed date, these two defendants, who are now before this court, filed a motion praying that the presiding justice disqualify himself for the alleged reason that he is the uncle of the attorney for the complainants.

The bill of exceptions shows that by decree entered December 11, 1959, the presiding justice overruled the motion. His decree contains a statement to the effect that the attorneys for all the parties had been notified of the time and place of the hearing upon the motion for disqualification, and that at that time neither the present defendants nor their counsel appeared.

The bill of exceptions further indicates that on December 7, 1959, the presiding justice, by a decree, accepted the fourth report of the receiver and ordered fees to be paid to the receiver and to counsel for the plaintiffs. The record does not contain the report nor the basis of any request for counsel fees.

To this action on the part of the presiding justice, the defendants purport to take exceptions.

The record is so meager that it is impossible for us to determine the issues without pure conjecture. There is nothing in the record to indicate when the motion for disqualifi-

cation was filed, the nature of the proceedings, and the date of their institution. Neither are the docket entries made a part of the record.

However, as the bill of exceptions includes an interlocutory decree accepting the fourth report of the receiver, we must necessarily assume that the litigation in question had been in process for a substantial period of time.

That this bill of exceptions is not in compliance with established procedure is clearly apparent.

In the recent case of *Inhabitants of Owls Head* v. *Dodge, Jr.,* 151 Me. 473; 121 A. (2nd) 347, this court reiterated the well-known rules applicable to bills of exceptions in the following words:

> "The excepting party is bound to see that the bill of exceptions includes all that is necessary to enable the court to decide whether the rulings or decision of which he complains were or were not erroneous. Failing to do so, his exceptions must fail. The Law Court has jurisdiction over exceptions only when they clearly present the issues to be considered. The bill itself should show the claims and contentions of the parties, and enough of facts, allegations, or claims, as to be clearly understood."

See also *Wallace* v. *Gilley,* 136 Me. 523; 12 A. (2nd) 416; *Heath, et al., Applts.,* 146 Me. 229, 233; 79 A. (2nd) 810; and *Sard* v. *Sard, et al.,* 147 Me. 46, 55; 83 A. (2nd) 286.

The litigation before us was begun prior to December 1, 1959, at which time the old Rules of Court were in existence. The presiding justice acted upon the motion for disqualification on December 11, 1959, only a few days after the New Rules of Civil Procedure went into effect, so that it may be said that when action was taken to bring this case before this court, we were in a period of transition from the old to the new. See Rule 86 Maine Rules of Civil Procedure regarding applicability of new rules to pending actions.

Prior to December 1, 1959, we had Rule of Court 16, which read in part as follows:

"No motion based on facts will be heard unless the facts are verified by affidavit, or are apparent from the record or from the papers on file in the case, or are agreed and stated in writing signed by the parties or their attorneys."

There is nothing in the bill of exceptions to indicate that this rule was complied with. The new rule now in existence is Rule 43 (e) which reads as follows:

"When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

If counsel for the defendant did not verify by affidavit the facts alleged in his motion, undoubtedly the presiding justice, under the provisions of the present rule, could have heard the motion on oral testimony. However, this did not occur because, as pointed out in the decree of the presiding justice overruling the motion, neither defendants nor their counsel appeared.

In spite of the inadequacies of the bill of exceptions, because of the great importance which the issue sought to be raised has for the members of the bar, the judiciary and general public, we have concluded to consider this cause upon the merits.

A cardinal principle inherent in American jurisprudence is that no judge shall preside in a case in which he is not wholly free, disinterested, impartial, and independent, to the end that litigants may have a hearing or determination by an impartial tribunal. The law is justly jealous of the absolute disinterestedness of tribunals. Due process of law requires a hearing before an impartial and disinterested tribunal. Next in importance to the duty of rendering a

righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge.

We proceed, therefore, to specify some of the rules applicable to the disqualification or recusation of a judge. There appears to be a diversity of opinion in the decisions regarding the reasons for which a judge could be disqualified at common law. In the case of *Russell* v. *Belcher,* 76 Me. 501, 502, decided in 1884, this court had this to say:

> "At older common law, personal interest formed the only ground for challenging a judge. - - - - It was not objectionable for a judge to sit in a cause to which a relative was a party."

However, in the case of *Bond* v. *Bond,* 127 Me. 117, 122; 141 A. 833, this court said:

> "At common law, the only ground for recusation of a judge was pecuniary interest or relationship."

See also 30A Am. Jur., Judges, § 142, to the effect:

> "While the general rule at common law is that a judge is not disqualified by relationship to a party or to a person interested in the result of the litigation, there are statements in some of the cases to the contrary. Thus, it is held that even in the absence of specific constitutional or statutory provision, a judge is disqualified where a party to the action is closely related to him."

That relationship within certain specified degrees is now a cause for disqualification of a judge in this State is indicated by the decision in *Russell* v. *Belcher, supra.*

In any event, there has never been any doubt about the principle that no judge or tribunal should sit in any case in which he or it is directly or indirectly interested.

The interest which is meant is a pecuniary one and such a pecuniary interest disqualifies a judge no matter how

small it may be. A pecuniary or property interest is one in the event or subject matter of the action or in the judgment to be rendered therein whereby the judge will be directly affected by a pecuniary gain or loss. 30A Am. Jur., Judges, § 100.

However, the interest must be direct, definite and capable of demonstration; not remote, uncertain, contingent, unsubstantial, speculative or theoretic. *Cunningham* v. *Long,* 125 Me. 494, 497; 135 A. 198; 30A Am. Jur., Judges, § 101.

It is, therefore, clear that when a judge has a pecuniary interest in the subject matter of the cause before him, he is disqualified.

While, as has been noted, the only grounds at common law for the recusation of a judge were a pecuniary interest and relationship, it has also been held that deep seated prejudice or bias may be a cause for disqualification.

> "Public confidence in the courts requires that cases be tried by unprejudiced and unbiased judges. Unbiased judges are of first importance to litigants and the public. At common law, bias or prejudice on the part of a judge, not the result of interest or relationship, is not supposed to exist, and generally it does not incapacitate or disqualify a judge to try a case, unless the constitution or statute so provides." 30A Am. Jur., Judges, § 169.

In this State we have no statute making bias or prejudice a reason for disqualification. The issue of bias and prejudice was discussed and determined by this court in *Bond* v. *Bond,* 127 Me. 117; 141 A. 833. At the time of the institution of this litigation, we had on our statute books Section 98, Chapter 82, R. S., 1916, which read in part as follows:

> "Whenever the justice of either of the superior courts is disqualified by interest, relationship *or other lawful cause* from trying any cause pending in his said court, said case shall thereupon be transferred to the docket of the supreme judicial

court for the county, and be disposed of in said court according to law." (Emphasis supplied.)

In the case of *Bond* v. *Bond, supra,* a motion was filed for disqualification on the theory that the bias and prejudice of the presiding justice was a "lawful cause" for disqualification. The court held that the words in the statute "or other lawful cause" as ground for transferring a case included such prejudice or bias as would prevent a judge from impartially presiding in a case. The court went on to say that interest or relationship are the only grounds on which disqualification of a judge is conclusively presumed. In all other cases it must be shown. The court further held that the presiding justice must himself in the first instance determine whether such disqualifying bias or prejudice exists; and unless it clearly appears or its presence is the only inference which can be drawn from the testimony in support of a motion to transfer (or disqualify), it cannot be said on exceptions that there is error in law in a denial of the motion.

It is interesting to note that in *Russell* v. *Belcher, supra,* the court said that the matter of judicial disqualification for any cause was not regulated by any written law in this State, and this statement in this case, which was decided in 1884, appears in spite of the fact that Section 98, Chapter 82, R. S., 1916 was in force at the time the opinion in *Russell* v. *Belcher, supra,* was rendered. It will be noted that Section 98, Chapter 82, R. S., 1916, provided for a transfer of a cause to the Supreme Judicial Court. This statute was in effect, of course, when the Supreme Judicial Court held *nisi prius* terms and this section went out of existence with the establishment of the present Superior Court.

While it is pointed out in *Bond* v. *Bond, supra,* that the presiding justice must himself determine whether disqualifying bias or prejudice exists, it is our feeling that if deep

seated prejudice or bias can be shown, that this is a cause for disqualification of the judge.

> "Under the modern law, - - - - - , a judge may be disqualified to try a case by his own interest therein, by his relationship to one or more of the parties or persons interested, by bias or prejudice, or by prior participation in or connection with the cause. 30A Am. Jur., Judges, § 97.

We give consideration now to relationship between the judge and parties to the case as a reason for disqualification.

> "Under constitutional or statutory provisions in practically all the states, a judge is disqualified to act in any cause wherein he is related to one of the parties within certain specified degrees of consanguinity or affinity, - - -." 30A Am. Jur., Judges, § 142.

Section 22, subsection XXV, Chapter 10, R. S., 1954, reads as follows:

> "When a person is required to be disinterested or indifferent in a matter in which others are interested, a relationship by consanguinity or affinity within the 6th degree according to the civil law, or within the degree of 2nd cousins inclusive, except by written consent of the parties, will disqualify."

In spite of the fact that it has been pointed out that the matter of judicial disqualification for any cause, is not regulated by any written law in this State, it would seem that this section of the statute is applicable to judges. This was decided in *Russell* v. *Belcher, supra,* where the fundamental law set forth in the Constitution was referred to. Article I of the Constitution of the State of Maine is entitled "Declaration of Rights." Section 19 of Article I provides that "right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay."

The case of *Russell* v. *Belcher, supra,* spells out the nature of the relationship on the part of a judge which will dis-

qualify him. In that case a judge of probate appointed an administrator with the will annexed upon the estate of a testatrix whose deceased husband was the judge's uncle. It was held that the judge was legally competent to make the appointment.

"But there must be reasonable limit in the degree of relationship that disqualifies, and to the conditions under which such a disqualification applies. The degree of relationship would be determined by the general provision of our statutes, reading thus: (Section 22, subsection XXV, Chapter 10, R. S. 1954.)

"The more important question is, under what circumstances is a judge debarred from acting when a relative has an interest? The limit at which an absolute disability attaches should be clearly marked and easily defined. The common good requires it. It is generally allowed that the same interest which would debar a judge from sitting, if personal to himself, does not necessarily prevent his sitting where a relative has the interest. A judge cannot sit if he has any interest whatever. He may sit in some cases where a relative has an indirect interest. There are many instances where a judge may legally act when from motives of delicacy he would decline to do so.

"The true test is, whether the relative has an interest *as a party* to the cause or proceeding before the judge, or stands in the condition of a party. In *Aldrich, appellant, supra,* it is said: 'There is not the same reason that the remote or contingent interest of a relative or connection should exclude the judge from acting. It is only when the relative is a party or has a direct or apparent interest in the matter to be passed upon by the judge, that the condition arises that works a disqualification.'" *Russell* v. *Belcher,* 76 Me. 501, 503.

We have seen that relationship within certain degrees between the judge and others who are interested is a reason for disqualification. Now what about relationship between the judge and an attorney?

"In the absence of a statute to the contrary, relationship between a judge and an attorney of record for one of the parties to a suit will not disqualify the judge, at least when the attorney has no pecuniary interest in the judgment, - - - ." 48 C. J. S., Judges, § 86.

" - - - in the absence of a statute or constitutional provision to the contrary, the mere fact that a judge is related to one or more of the attorneys in a cause tried before him is no ground for his disqualification." 30A Am. Jur., Judges, § 157.

There being no such prohibitive statute in Maine, the mere fact that there is a relationship between the judge and an attorney is not a reason for disqualification of the judge.

However, a different situation is presented when an attorney who is a relative of the judge asks the court to fix his fee. It would appear that in such cases that is a reason for disqualification.

"It is generally held that where a party to a suit applies to the court for an allowance of counsel fees, his attorney becomes a 'party' within the meaning of a statute disqualifying a judge because of his relationship to a party, and the judge related to such attorney is thereby disqualified." 30A Am. Jur., Judges, § 164.

See also 50 A. L. R. (2nd) § 11, Page 161.

It is our conclusion that if the motion for disqualification in the instant case had been timely filed, and proof of the alleged relationship between the judge and the attorney representing the plaintiffs or the receiver, established, that there would have been cause for disqualification.

However, there is nothing in the record to show that the motion was filed prior to the allowance of the counsel fees. Moreover, while the date of the filing of the motion does not appear in the record, in view of the fact that the decree awarding counsel fees was joined with the decree accepting the fourth report of the receiver, we must conclude that the

motion was filed long after the institution of the litigation in question.

> "An objection should be timely and seasonably made promptly on discovery of the disqualification; otherwise the right may be lost." 48 C. J. S., Judges, § 94c.

> "At common law, while it was recognized that a judge who was interested in the action or of kin to either party was disqualified from sitting in the cause, his judgment was generally considered to be erroneous only, and not void, so that the objection might be waived by the parties either expressly or impliedly." 30A Am. Jur., Judges, § 210.

That disqualification of a person "required to be disinterested" may be waived or that a party may be estopped from filing objections to the qualification of such person, appears to be the law in this State.

Under Section 60, Chapter 89, R. S., 1954, relating to proceedings on appeals from certain decisions of the county commissioners, it is provided that the court may appoint a committee of "three disinterested persons," who shall view the route involved, hear the parties and make their report whether the judgment of the commissioners should be in whole or in part affirmed or reversed.

In *Stevens* v. *County Commissioners*, 97 Me. 121, 127; 53 A. 985, a petition for a writ of certiorari was brought to quash the proceedings of the county commissioners for the reason that one of the county commissioners, who took part in the adjudication, was related to three of the signers of the petition within the 6th degree of marriage or consanguinity in violation of Section 22, subsection XXV, Chapter 10. The petition was denied upon the theory that if a litigant stands mute and does not timely raise the issue of disqualification, he is estopped from complaining. The court said:

> "There is another phase of the case which, we think, is fatal to the petitioner's contention. It does

not appear by the plaintiff's bill that she did not know, at the very beginning of the proceedings, the relationship of the original petitioners to commissioner Smith. Her petition is entirely silent as to when she made the discovery of the alleged disqualifying relationship." *Stevens* v. *County Commissioners,* 97 Me. 121, 127; 53 A. 985.

See also *Blaisdell* v. *York,* 110 Me. 500, 512; 87 A. 361.

We see no reason why the theory of waiver and estoppel is not applicable when the disqualification of a judge is in issue. In the case before us, the fact that there is nothing in the record to indicate a timely filing of defendants' motion supports a finding that the defendants have either waived any objection to the qualification of the judge or are estopped to advance such objection.

The entry will be:

*Exceptions dismissed.*