TALBERT *v.* MUSKEGON CONSTRUCTION CO.

1. WORKMEN'S COMPENSATION—QUESTIONS REVIEWABLE—DISQUALIFIED DEPUTY COMMISSIONER.

    Questions as to sufficiency of notice of an accident to employer and sufficiency of a rehearing before the department of labor and industry are not discussed where case is reversed because of disqualification of a deputy commissioner who had made determinations as to such matters.

2. CONSTITUTIONAL LAW—HEARINGS—PREJUDICE—JUDGES—QUASI-JUDICIAL OFFICERS.

    A litigant has a right under our judicial system to a hearing before a court to which no taint of prejudice is attached, not only in regularly constituted courts but before quasi-judicial officers, such as commissioners and deputy commissioners in the department of labor and industry.

3. WORKMEN'S COMPENSATION—DEPUTY COMMISSIONERS—QUASI-JUDICIAL OFFICERS.

    The duties and powers conferred upon a deputy commissioner of the department of labor and industry are such that he definitely occupies a quasi-judicial position.

4. SAME—FINDINGS OF FACT—CONCLUSIVE ON SUPREME COURT—EVIDENCE.

A deputy commissioner of the department of labor and industry is the trier of the facts and his findings as to those facts, if affirmed on review of the department and supported by any competent evidence, are conclusive and bind the Supreme Court on appeal (2 Comp. Laws 1929, § 8451).

5. SAME—DISQUALIFIED DEPUTY—REMAND FOR HEARING.

Hearing on petition for workmen's compensation by deputy commissioner of department of labor and industry who had signed a notice to the employer as attorney for plaintiff is vacated and case remanded for a full rehearing either before department or before a qualified deputy commissioner.

6. SAME—COSTS.

No costs are awarded on appeal from department of labor and industry where reversal is due to irregularity for which neither party appears to have been solely responsible.

Appeal from Department of Labor and Industry. Submitted April 14, 1943. (Docket No. 60, Calendar No. 42,269.) Decided May 18, 1943.

Florence Talbert presented her claim for compensation for death of Charles W. Talbert against Owen-Ames-Kimbel Company and Muskegon Construction Company, employers, and Michigan Mutual Liability Company and American Mutual Liability Company, insurers. From award to plaintiff against defendants Muskegon Construction Company and American Mutual Liability Company, they appeal. Reversed and remanded.

*Anthony F. Bielawski* (*Dann & Atlas,* of counsel), for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

NORTH, J. This is an appeal from an award by the department of labor and industry granting plain-

tiff compensation. The issues of fact are very close and are such that the procedure adopted in the case must be closely scrutinized.

The record discloses that the notice to employer of claim for injury was signed by John J. McGinty as attorney for the plaintiff. At a later date, Mr. McGinty was appointed as a deputy commissioner for the department of labor and industry. On December 22, 1941, the case was set for hearing before Mr. McGinty as deputy commissioner. At this hearing and before testimony was taken, a motion was made and argued that the case be heard by some other deputy. Attorney Bielawski, who occupies the same office as McGinty, appears as attorney for plaintiff on the notice and application for adjustment of claim and in all later proceedings and briefs. At the original hearing deputy commissioner McGinty denied that he had been previously associated with attorney Bielawski, denied that he had represented the plaintiff as attorney, or that he knew the facts of the case. The plaintiff denied that Mr. McGinty had represented her as an attorney. Attorney Bielawski stated in the record that he had had Mr. McGinty sign the notice, as Mr. McGinty would probably later present the case for plaintiff, but denied that Mr. McGinty knew the facts of the case. At the conclusion of the hearing, Mr. McGinty offered to retire from the case and attorneys for both parties asked that the case be reset before another deputy commissioner.

Later the case was set for hearing before deputy commissioner McAuliffe who entered an award in favor of the co-defendant, Owen-Ames-Kimbel Company. On May 22, 1942, the case was again heard as to defendant Muskegon Construction Company and again Mr. McGinty was designated as the deputy commissioner to hear the case. After this hearing an award was entered by deputy commissioner

McGinty in favor of the plaintiff. Although the questions of sufficiency of notice of an accident to employer and sufficiency of the later rehearing before the department are assigned as grounds for appeal, these questions need not be discussed here.

One of the fundamental rights of a litigant under our judicial system is that he shall be entitled to a hearing before a court to which no taint of prejudice is attached. This is so firmly established as to regularly constituted courts as to need no comment. The duties and powers conferred upon a deputy commissioner are such that he definitely occupies a quasi-judicial position. He is the trier of the facts and his findings as to those facts, if affirmed on review of the department, are conclusive and bind this court on appeal, if supported by any competent evidence.* The same high standards required of judges and courts should be applied to quasi-judicial officers, such as commissioners and deputy commissioners in the department of labor and industry. We do not here question the statements of Mr. McGinty concerning his having no previous knowledge of the case, nor do we find that he was in fact prejudiced. However, it does appear that he did sign a notice of plaintiff's claim as her attorney in this case. For that reason this case should not have been assigned to him for hearing. As noted, the record discloses one or more close questions of fact, and care should have been exercised by the department in having the hearing before a deputy commissioner who was not subject to any suspicion of prejudice.

We are constrained to hold that the hearing and award must be vacated and the case remanded for a full rehearing either before the department or

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).
—Reporter.

before a qualified deputy commissioner. Since we do not find that either party was solely responsible for the irregular proceedings taken, no costs are awarded.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.