**UNITED STATES of America**

v.

**John P. GILBOY, Jr., William J. Green, Jr., Joseph Rochez, Frederick J. Raff, Robert W. Brown, John B. Kemmel, Herbert J. McGlinchey.**

Crim. No. 12880.

United States District Court
M. D. Pennsylvania.

Oct. 3, 1958.

Oliver Dibble, Sp. Asst. to Atty. Gen., Frank J. Kiernan, Louis Scalzo, Attys. U. S. Dept. of Justice, Washington, D. C., for plaintiff.

James E. O'Brien, Scranton, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

Upon denial of his motions directed to the indictment and impending trial, defendant William J. Green, Jr., sought under 28 U.S.C.A. § 144 to remove the trial judge and have another judge assigned in his stead. Finding the motion to be without merit—neither timely or legally sufficient—defendant's motion was denied, D.C., 162 F.Supp. 384. In coming to that conclusion, the trial judge also considered the applicability of 28 U.S.C.A. § 455 to determine whether or not he should step aside of his own accord.

While the trial judge had no desire to try any particular case or to enter upon additional onerous and burdensome duties, the only convenient way the case could be disposed of was for the presiding judge to try it or request that some other judge leave his post of duty and come into this district for three or four months. The consequent overburdening of another judge should not ordinarily be countenanced. For those reasons and because of the nature of the averments, which should not be permitted to stand unchallenged in the body of the law, to step aside then would ·be a surrender of

principle for the sake of judicial peace and calm.

Defendant then petitioned the United States Court of Appeals for the Third Circuit for a writ of mandamus or prohibition. Because of the nature of the averments, it was most helpful in the interest of the orderly administration of justice to have the matter considered by the Court of Appeals. That court has now spoken. Six of its seven members concluded that the prayers of the defendant's petition should be denied. An order to that effect has just been received.

Defendant has now moved for a forty-five day stay of the order of the Court of Appeals and of all proceedings in this court so that he might petition the Supreme Court of the United States for a writ of certiorari. This of necessity means additional delay.

To place this case in its proper focus, the defendant stands indicted for conspiracy to defraud the United States, 18 U.S.C.A. § 371. While the defendant is presumed to be innocent, this case should be tried and disposed of. The spirit of the Sixth Amendment to the Constitution is that there should be a speedy public trial. While the trial judge is confident that he could try this case fairly and objectively the case in its present posture presents a new aspect. It is now some twenty-one months since this indictment was returned. The Supreme Court of the United States has said in Cobbledick v. United States, 309 U.S. 323, at page 325, 60 S.Ct. 540, at page 541, 84 L.Ed. 783, "To be effective, judicial administration must not be leaden-footed". In the interest of justice, so that the defendant and the public may have this case speedily disposed of, this court feels that that objective can best be accomplished by its immediately stepping aside sua sponte—voluntarily—and requesting the Chief Judge of the United States Court of Appeals for this Circuit to designate another trial judge. We are sure that this can be accomplished at an early date so that this case may promptly proceed to trial.