Felix J. Aulisi, J.
This is an application pursuant to article 78 of the Civil Practice Act for a restraining order in the nature of a writ of prohibition directed against the respondent Lott H. Wells, as Surrogate of St. Lawrence County, to hear and determine the application of the respondent Harold J. Smith, as administrator c. t. a. of the estate of Mary V. Wert, deceased, to have fixed and determined the compensation of the petitioner Edmund Fitzgerald, for attorney’s services rendered to said estate.
*436 The petitioner contends that the Surrogate should disqualify himself and should not hear and determine the Smith application for the reason that same was instigated by him and for the further reason that he has already expressed an opinion in the matter. An examination of the pleadings and exhibits filed on this motion discloses that the petitioner was retained by the representative of the Mary' V. Wert estate and that in due course the estate was administered. The gross amount of the estate was upwards of $62,000 with most of the assets in the joint names of the decedent and the afore-mentioned Harold J. Smith. For legal services and disbursements the petitioner was paid $3,125 and although no decree on final settlement was sought from the Surrogate, a petition, account and release were filed on December 39, 1.957 by the administrator c. t. a. pursuant to section 251 of the Surrogate’s Court Act. On March 5, 1958, the Surrogate wrote to the petitioner that said amount of the fee was “so excessive under all -precedent and practice to appear to be unethical”; that under the St. Lawrence County Bar schedule the fee should have been $312.10 and that unless a voluntary accounting was filed under sections 261, 262 and 263 of the Surrogate’s Court Act within two months he would write Mr. Smith concerning the fee paid. Nothing was done by the petitioner and the Surrogate informed Mr. Smith that the fee charged was “excessive and unconscionable”. There then followed the application by the respondent Smith to have the petitioner’s fee fixed and determined. Upon the return of the citation the petitioner appeared specially and requested that Judge Wells disqualify himself. This was refused and this proceeding results therefrom.
It is urged by the petitioner that it is illegal for the Surrogate to preside in the accounting proceeding for the reason that the latter is prejudiced and biased against the petitioner who earlier this year had opposed the giving of an increase in the salary of the Surrogate.
The Surrogate not only denied that he is prejudiced or biased against the petitioner but states that he holds him ‘1 in esteem as an able and experienced legal practitioner”, and that his sole interest in the proceeding is to do his duty in accordance with the authority conferred upon him by law.
I have never been able to understand why a Judge insists on presiding in a matter in which one of the parties requests that he disqualify himself. This appears particularly desirable in a proceeding such as this where it is obvious that the Judge has not only been responsible in initiating the proceeding, but has actually expressed an opinion in a manner that is adverse *437 to the party requesting the disqualification. For many years Judge Wells has rendered honest and efficient service but there is here the possibility of unconscious bias, and it is my opinion that in the interest of strict impartiality in the administration of justice he should disqualify himself.
I doubt, however, that this court has the power to order the disqualification of a Surrogate. Whether or not a Surrogate shall file a certificate of disqualification under section 6 of the Surrogate’s Court Act is discretionary with him, and no party can compel him to file it. The purpose of this statute is not to arm litigants with power over the independence and integrity of the court, but solely to enable the Surrogate, in a proper case, to decline to act without violation of his duty to the State (Matter of Mavroidi, 60 N. Y. S. 2d 344). The rule is well settled that, in the absence of express statutory provisions, bias or prejudice or unworthy motives on the part of a judge, unconnected with an interest in the controversy, will not be cause for disqualification (People ex rel. Devery v. Jerome, 36 Misc. 256).
Likewise, I am satisfied that this court cannot prohibit the Surrogate from proceeding to hear and determine the Smith application. The writ of prohibition is not favored by the courts. Necessity alone justifies it. Although authorized by statute, it is not issued as a matter of right, but only in the exercise of sound judicial discretion when there is no other remedy. While it issues out of a superior court and runs to an inferior court or judge, its object is not the correction of errors nor relief from action already taken. In no sense is it a substitute for an appeal, as its sole province is to prevent the inferior tribunal from usurping a jurisdiction which it does not possess, although it runs against the exercise of unauthorized power in a proceeding of which the lower court has jurisdiction, as well as when the proceeding itself is instituted without jurisdiction. The sole question to be tried is the power of the inferior court or magistrate to do the particular act in question. It is in effect an injunction against a court as contrasted with an injunction proper, which is granted against persons or corporations (People ex rel. Livingston v. Wyatt, 186 N. Y. 383).
The test is does the court have jurisdiction, and as to that there cannot be any doubt. The Surrogate has power over the administration of estates and plenary power over the collection and preservation of their assets. Neither should there be any disposition to restrict the Surrogate’s power over attorneys *438 who have taken the assets of ah estate for fees. An attorney taking the assets of an estate for a fee does so with full knowledge that he may have to return them, if excessive. The Supreme Court and the Surrogate’s Court alike have the power to compel an attorney to pay back money improperly obtained or retained by him, even if the money has been voluntarily paid (Surrogate’s Ct. Act, § 231-a).
I, therefore, conclude and decide that the application for a writ of prohibition should be denied, without costs, and an order may be submitted accordingly.