**Bill NELSON, Appellant,**

v.

**Mathy FITZGERALD, d/b/a
Fritz Welding, Appellee.**

**No. 544.**

Supreme Court of Alaska.

June 25, 1965.

John M. Savage, of Clark & Savage, Anchorage, for appellant.

George T. Yates, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

The principal issue to be resolved in this appeal is whether the trial judge erred in dismissing appellant's causes of action. Appellant contends that since the trial judge had previously disqualified himself from hearing any matter in which John M. Savage, or his firm, was acting as attorney, the trial judge improperly dismissed appellant's causes of action.[1] We agree with appellant's contention and hold that under the unusual facts of this case the trial judge erred.

On January 15, 1964, appellant filed a three count complaint seeking to recover approximately $15,000.00 for wages, monies loaned to appellee, damages to appellant's vehicle while used by appellee, and to foreclose a wage lien. After issue was joined the cause was set for trial to be held at Kodiak, Alaska, for the week of September 7, 1964, with Judge Edward V. Davis sched-

---

1. Appellant's counsel of record prior to and at the time of the dismissal was Mr. Savage.

uled to preside. Respective counsel knew of this trial date setting and assignment of trial judge approximately thirty days prior to September 7, 1964.

On August 24, 1964, Judge Gilbert, in "Seymour v. Seymour, No. 63–1885, Superior Court, State of Alaska, Third Judicial District," entered a minute order which read in part:

> Until this matter is settled, Mr. Savage, I don't want to hear any matter of yours or your firm's.

Thereafter on September 1, 1964, Judge Gilbert filed a Certificate of Disqualification in the cause entitled in part "John M. Savage and Bay Clark, d/b/a Clark & Savage, v. Hubert A. Gilbert, No. 63–1885, Superior Court of the State of Alaska, Third Judicial District." This certificate reads in part as follows:

> This Judge further certifies, as stated previously, that he bears bias and prejudice against John M. Savage for his actions as attorney in the proceedings involving Roy Seymour. *This Judge therefore disqualifies himself from hearing any matter in which John M. Savage, or his firm, acts as attorney, as a continuing disqualification until October 1st, 1964.* At that time the undersigned Judge shall examine his feelings toward the aforesaid for the purpose of seeing whether or not disqualification should continue. It is the holding of this Court and the basis for its disqualification that due to this bias and prejudice for John M. Savage, it quite possibly could be reflected adversely in any matters presented for his clients during that period of time. (Emphasis furnished.)

On approximately September 2, 1964, John Savage, counsel for appellant, received notice that Judge Gilbert, in place of Judge Davis, would be presiding over the superior court trials which were scheduled to be held at Kodiak during the week of September 7, 1964. Upon learning of this change in assignments of trial judge, Mr. Savage conferred with appellee's counsel and thereafter unsuccessfully attempted to arrange substitute counsel for appellant and to obtain appellant's consent to the proposed substitution. Communication with appellant was unsuccessful due to his presence at a remote bush construction site on the Kuskokwim River.

When the cause was called for trial on September 8, 1964, at Kodiak, neither appellant nor his counsel appeared. On motion of appellee's counsel Judge Gilbert, by minute order, dismissed appellant's cause of action for failure to prosecute.[2]

It should be further noted that prior to the entry of this dismissal neither appellant nor his counsel had moved for a continuance of the cause nor had they filed an affidavit of prejudice against Judge Gilbert. Appellee contends that since neither appellant nor his counsel had filed, pursuant to AS 22.20.020, an affidavit of prejudice against Judge Gilbert there was no impediment to his entering a dismissal of appellant's cause of action for failure to prosecute. We disagree with appellee's contention.

The grounds and procedure for disqualification of a judicial officer are set forth in AS 22.20.020 which reads in part as follows:

> *Disqualification of judicial officer.* (a). A judicial officer may not act as such in a court of which he is a member in any of the following cases:
>
> *   *   *   *   *   *
>
> (5) when a party, or an attorney for a party to an action or proceeding, civil or criminal, files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a

---

2. Later that day Judge Gilbert entered a formal judgment which read in part:

> "IT IS HEREBY ORDERED that the above captioned matter be dismissed for failure of plaintiff to prosecute his claim and that defendant be awarded his attorney's fees in the amount of $250.00 and his costs in the amount of $100.00 for a total judgment of $350.00."

personal bias or prejudice either against him or his attorney or in favor of an opposite party, or attorney for an opposite party, to the suit, and that it is made in good faith and not for the purpose of delay, and the affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed within one day after the action, suit, or proceeding is at issue upon a question of fact, unless good cause is shown for the failure to file it within that time. No party or attorney may file more than one such affidavit in any case. The provisions of this subdivision apply only to the superior court.

■ The necessity on the part of appellant, or his attorney, to file an affidavit of prejudice against Judge Gilbert under AS 22.20.020(a) (5) was obviated by Judge Gilbert's unequivocal Certificate of Disqualification of September 1, 1964. Under statutory provisions similar to AS 22.20.020 it has been stated that a trial judge has the authority to disqualify himself on his own motion. See United States v. Shavin, 320 F.2d 308, 310 (7th Cir.), cert. denied, 375 U.S. 944, 84 S.Ct. 349, 11 L.Ed.2d 273 (1963); Goldfine v. United States, 268 F.2d 941, 947 (1st Cir. 1959), cert. denied, 363 U.S. 842, 80 S.Ct. 1608, 4 L.Ed.2d 1727 (1960); United States v. Gilboy, 166 F.Supp. 220, 221 (M.D.Pa.1958); United States v. Valenti, 120 F.Supp. 80, 92 (D.N.J. 1954).

In the Valenti case the court stated at 92 that a judge

may recuse himself, *sua sponte,* for compelling moral reasons, or where there exists in his own mind some real

doubt as to the impartiality which he, as an individual, may exert on the matter then before him as a judicial officer.

■ Although a judge should do so only for the most compelling of reasons, we hold that a superior court judge may *sua sponte* disqualify himself from hearing any matter that may come before him.

■ The provisions of AS 22.20.020 reflect the basic concept that litigants are entitled to a fair hearing in a tribunal which is in fact disinterested, impartial and unbiased. This principle is articulated in Knapp v. Kinsey,[3] where the court stated at 465:

One of the fundamental rights of a litigant under our judicial system is that he is entitled to a fair trial in a fair tribunal, and that fairness requires an absence of actual bias or prejudice in the trial of the case. In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942; Talbert v. Muskegon Construction Co., 305 Mich. 345, 348, 9 N.W.2d 572. If this basic principle is violated, the judgment must be reversed. In re Murchison, supra; Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 * * *.[4]

■ Judge Gilbert's September 1, 1964, Certificate of Disqualification clearly indicated that he had an existing bias and prejudice against appellant's attorney as to any matter in which appellant's attorney, or his firm, was counsel of record. Therefore, under the provisions of AS 22.-20.020 Judge Gilbert was prohibited from acting upon the merits of this cause while he entertained an actual bias and prejudice against appellant's attorney.[5]

3. 232 F.2d 458, 465 (6th Cir.), cert. denied, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956).

4. See also Hughes v. Black, 156 Me. 69, 160 A.2d 113, 115 (1960); Wickoff v. James, 159 Cal.App.2d 664, 324 P.2d 661, 665 (1958).
Apparently at common law it was generally held that bias or prejudice on the part of a judge was not grounds for

disqualification. Fitzgerald v. Wells, 14 Misc.2d 435, 179 N.Y.S.2d 29, 32 (1958), aff'd, 9 A.D.2d 812, 192 N.Y.S.2d 719 (1959). However, statutory provisions making a judge's bias or prejudice a grounds for disqualification have been upheld. Johnson v. Superior Court, 50 Cal. 2d 693, 329 P.2d 5, 7-8 (1958).

5. The record does not show that Judge Gilbert modified or rescinded his Sep-

The trial court's judgment and order of September 8, 1964 are set aside with directions upon remand to determine costs and attorney's fees, incurred in connection with the Kodiak hearing, to be awarded appellee. Such costs and attorney's fees

tember 1, 1964, Certificate of Disqualification at any time prior to the entry of the order and judgment of dismissal in this cause on September 8, 1964, Nor does the record disclose that Judge Gilbert notified his presiding superior court judge of his disability to hear this cause. See Civ.R. 63.

It should also be noted that there is no suggestion in the record that the trial

are to be assessed against counsel for appellant as a result of his failure to take any affirmative action to attempt to have the cause removed from the Kodiak calendar after he learned that Judge Gilbert had been scheduled to hear the matter.

judge was unaware of the Certificate of Disqualification which he filed one week prior to the dismissal of this cause. The record does disclose that appellee's counsel in moving for a dismissal on September 8, 1964, stated in part: "Your Honor knows the circumstances why Mr. Savage isn't here. * * *"