Thomas W. **HALLIGAN**, Petitioner,

v.

**STATE of Alaska**, Respondent.

No. 5035.

Supreme Court of Alaska.

Feb. 27, 1981.

Clifford J. Groh, Paul D. Kelly, Groh, Eggars, Robinson, Price & Johnson, Anchorage, for petitioner.

Gail T. Voigtlander, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, for respondent.

OPINION

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

BURKE, Justice.

This matter comes to us on a petition for review, filed pursuant to former Appellate Rules 23 and 24. The issue to be decided is whether a superior court judge assigned to review a ruling of the district court is subject to peremptory disqualification under AS 22.20.022 [1] and Criminal Rule 25(d).[2]

Superior Court Judge Ralph E. Moody was assigned to hear a petition for review

---

1. AS 22.20.022 provides:

    *Peremptory disqualification of a superior court judge.* (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

    (b) No judge or court may punish a person for contempt for making, filing or presenting the affidavit provided for in this section, or a motion founded on the affidavit.

    (c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue

    is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

    (d) No party or his attorney may file more than one affidavit under this section in an action and no more than two affidavits in an action.

2. Rule 25(d), Alaska R.Crim.P., provides:

    (d) *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challanged [sic] as follows:

    (1) *Entitlement.* In any criminal case in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge. When multiple defendants are unable to agree upon the judge to hear the case, the trial judge may, in the interest of justice, give them more than one change as a matter of right; the prosecutor shall be entitled to the same number of changes as all the defendants combined.

    (2) *Procedure.* At the time required for filing the omnibus hearing form, or within

filed by the state, contesting a district court order suppressing part of the state's· evidence in a prosecution for operating a motor vehicle while under the influence of intoxicating liquor. Thomas W. Halligan, defendant below, attempted to disqualify Judge Moody by filing a "Notice of Change of Judge," pursuant to Criminal Rule 25(d).[3] Judge Moody denied the challenge. His written order stated: "Rules do not provide for disqualification in appellate/review cases." Halligan thereupon petitioned this court for review of Judge Moody's denial of his peremptory challenge. His petition was granted. On the merits, we affirm Judge Moody's ruling.

This court has long recognized "the basic concept that litigants are entitled to a fair hearing in a tribunal which is in fact disinterested, impartial and unbiased." *Nelson v. Fitzgerald*, 403 P.2d 677, 679 (Alaska 1965). Indeed, the right to challenge a judge for cause existed in Alaska long before statehood. Note, *Peremptory Challenges of Judges in the Alaska Courts*, 6 U.C.L.A.—Alaska L.Rev. 269, 271–75 (1977). See AS 22.20.020. The right to a peremptory challenge, however, is of more recent vintage. *Id.* at 275–76. See AS 22.20.022.

▮ Alaska's current peremptory challenge statute, AS 22.20.022, was enacted in 1967. Ch. 48, § 2, SLA 1967. We have "recognized the due process values embod-

ied in [that section]," but we have never held that due process requires the right to automatically disqualify a judge. *Tunley v. Municipality of Anchorage School Dist.*, Op. No. 2160 at 13 n.10 (Alaska, Jan. 29, 1981) (citations omitted). Moreover, while the means by which it is to be exercised have been held to be "procedural matter[s] solely within the rule making powers of this court,"[4] we have always recognized that the right itself is derived from AS 22.20.-.022. *Gieffels v. State*, 552 P.2d 661, 667–68 (Alaska 1976); *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570, 575–76 (Alaska 1969). In other words, the substantive *right* to a peremptory challenge in Alaska is purely a creature of statute. *Id.* See generally *Peremptory Challenges of Judges in the Alaska Courts*, supra at 296–99 and Note, *Disqualification of Judges for Prejudice or Bias—Common Law, Evolution, Current Status and the Oregon Experience*, 48 Or.L.Rev. 311, 359–60 (1969). Thus, in determining the extent to which that right applies we must examine the legislature's intent in enacting AS 22.20.022.

Halligan argues that he was entitled to disqualify Judge Moody because Criminal Rule 25(d) refers to "any criminal case in superior or district court." As already noted, however, the *right* to a peremptory challenge exists by virtue of the statute, AS 22.20.022. Criminal Rule 25(d) merely regulates the exercise of that right. *Gieffels v.*

five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

(3) *Re-Assignment.* When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge. However, if the named judge is the presiding judge, he shall continue to perform the functions of the presiding judge.

(4) *Timeliness.* Failure to file a timely request precludes a change of judge under this rule as a matter of right.

(5) *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of nolo contendere shall be taken under Rule 11.

*See also* Alaska R.Civ.P. 42(c) (governing the exercise of peremptory challenges in civil cases).

3. See note 2, *supra.*

4. *Gieffels v. State*, 552 P.2d 661, 668 (Alaska 1976).

*State*, 552 P.2d at 667–68. Thus, in determining whether Halligan was entitled to a peremptory challenge the language of the statute controls.

AS 22.20.022(a) authorizes a peremptory challenge "in a district court action or a superior court action, civil or criminal." In a broad sense, of course, a petition for review filed in the superior court is "a superior court action." [5] We are convinced, however, that the legislature used these terms in a narrower sense. Elsewhere, AS 22.20.-022 sets time limits for the exercise of a peremptory challenge running from when "the case is at issue upon a *question of fact.*" AS 22.20.022(c) (emphasis added). Also, as argued by the state, the statute requires one exercising a peremptory challenge to file an affidavit stating his or her belief that a "fair and impartial *trial* cannot be obtained before the challenged judge. AS 22.20.022(a) (emphasis added). We note too that in enacting AS 22.20.022, the legislature provided that it would apply to "all actions pending, but not set for *trial* on the effective date of [the] Act." Ch. 48, § 3, SLA 1967 (emphasis added). These provisions, we believe, indicate that the legislature did not intend the right to apply where the only action contemplated is appellate review of a ruling or decision of a subordinate court, on the record from the court below. Thus construed, the "action' in the instant case remained a "district court action," for purposes of (AS 22.20.022, even after it became a matter for the superior court's consideration, upon receipt of Halligan's petition for review of the district court's suppression order.

This interpretation, we believe, confines the peremptory disqualification concept to those areas where it was intended to apply, namely: areas in which the consequences and danger of partiality or bias are at their greatest, and the ability of a higher court to correct an improper decision at its lowest. A trial court's findings of fact are entitled to great deference; on appeal to a higher court they "shall not be set aside unless

*clearly erroneous.*" Alaska R.Civ.P. 52(a) (emphasis added). *See Troyer v. State*, 614 P.2d 313, 318–19 (Alaska 1980) (clearly erroneous test applies in criminal cases). Where, however, the court intends only to review a decision of a subordinate court, *on the record of the proceedings below*, its decision is entitled to less deference. On appeal to the next level of courts, its decision can be independently reviewed. Thus, in such a case, there is much less need for fear of bias or prejudice, since a litigant has resort to a still higher court, which may consider the issue in question anew.

There will, of course, be instances where peremptory disqualification of a judge is authorized, even though he or she will be required to rule only on questions of law. For example, the fact that a case will be tried on stipulated facts, or is one that does not contain genuine issues of material fact, will not deprive the litigants of the right contained in AS 22.20.022. Also, in order to avoid waiving the right to a peremptory disqualification, a challenge may have to be exercised at the time of pre-trial hearings. Alaska R.Crim.P. 25(d)(5); Alaska R.Civ.P. 42(c)(4). *See Tunley v. Municipality of Anchorage School District*, Op.No. 2160 at 4–16 (Alaska, Jan. 29, 1981).

Conversely, although the action may be technically one for appellate review, peremptory disqualification of the assigned judge is possible if and when the court determines that it will allow the facts to be litigated *de novo. See* AS 22.10.020(a), .15.-240(c) (hearing on appeal shall be on the record unless the superior court, in its discretion, grants a trial *de novo*, in whole or in part). In this situation, the reviewing court is conducting a trial, the kind of proceeding to which AS 22.20.022 is clearly applicable.

█ In the present case, Judge Moody was assigned to review the district court's decision to suppress certain evidence. There is no indication that any fact-finding proceedings were contemplated at the supe-

---

5. AS 01.10.060 provides, in part: "In the laws of the state, unless the context otherwise requires, (1) 'action' includes any matter or proceeding in a court, civil or criminal."

rior court level. Such being the case, AS 22.20.022 afforded Halligan no right to a peremptory challenge.

AFFIRMED.

RABINOWITZ, Chief Justice, concurring.

For the reasons stated in my dissent in *Commercial Fisheries Entry Commission v. Polushkin,* Op.No. 2300, (Alaska, Feb. 27, 1981), I would apply the general rule that where any party has requested permission to submit additional evidence on appeal, or where the superior court judge has decided sua sponte to review any aspect of the case de novo, then any party to the appeal has a right to a peremptory challenge, unless that party has previously exercised that right and thus exhausted it for that particular proceeding.

Here, there is no indication in the record that any party requested permission to submit additional evidence, or that the superior court expressed any intention to review any aspect of the case de novo. Thus, I agree with the court's conclusion that no right to a peremptory challenge attached here. However, as in *Polushkin,* I would extend that right on remand if any party does make a request to submit additional evidence.