**6**

COMMERCIAL FISHERIES ENTRY
COMMISSION of the State of
Alaska, Petitioner,

v.

Ilarion POLUSHKIN, Howard Wickersham, Julia S. Bern, Clifford E. Gangestad, James Wickersham, Kiril Kutsev, Frederick Simpson, Andrew Nielsen, Steven Copeland, and Nikolai Yakunin, Respondents.

COMMERCIAL FISHERIES ENTRY
COMMISSION of the State of
Alaska, Petitioner,

v.

Simeon CHOCKNOCK and Doyel
Roehl, Respondents.

COMMERCIAL FISHERIES ENTRY
COMMISSION of the State of
Alaska, Petitioner,

v.

Chris BOSKOFSKY, Katherine McGill,
Ronald A. Fadaoff, and Natalie
Simeonoff, Respondents.

Antone BALLUTA, Sam Stepanoff,
Joseph Brown, Sam Alexie and
Elanor Nelson, Petitioners,

v.

COMMERCIAL FISHERIES ENTRY
COMMISSION of the State of
Alaska, Respondents.

COMMERCIAL FISHERIES ENTRY
COMMISSION of the State of
Alaska, Petitioner,

v.

Louise K. BARTH, Roy Beaver, Frank Collins, Sozon I. Fefelov, Grigory Gostevskyh, Jack G. Gronholdt, Peter Gronholdt, Sr., Herman M. Haggren, Henry F. Kroll, II, John Lorentzen, Artemy Polushkin, Ivan Reutov, Serapion Reutov, Sergi Reutov, Simeon Reutov, Irven R. Rose, Mark L. Smith, James W. Stump, Donald A. Stump, Donald T. Stump,

Thomas P. O'Hara, and Peter Togiak,
Respondents.

Nos. 4658, 4685, 4723, 4737 and 4780.

Supreme Court of Alaska.

Feb. 27, 1981.

Jonathan K. Tillinghast, Asst. Atty. Gen. and Avrum M. Gross, Atty. Gen., Juneau, for the State of Alaska, Commercial Fisheries Entry Commission.

John H. Bradbury, Bradbury, Bliss & Riordan, Anchorage, for Steven Copeland.

David B. Snyder, Alaska Legal Services Corporation, Dillingham, for Andrew Nielsen, Simeon Chocknock and the petitioners in No. 4737.

No appearances for other respondents.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

The issue in each of these consolidated cases is whether the right to peremptorily challenge a judge exists in an appeal to the superior court from a final administrative determination of the Alaska Commercial Fisheries Entry Commission. Petitioners, all of whom are parties to such appeals, attempted to peremptorily challenge the judge assigned to their particular cases. Although the challenges were timely, they were denied as being unavailable in such proceedings.[1]

Final administrative determinations of the Commercial Fisheries Entry Commission "are subject to judicial review as provided in AS 44.62.560–44.62.570."[2] AS 16.-43.120(a). *See also* Rules 601–07, Alaska R.App.P. Such appeals are "heard by the superior court sitting without a jury." AS 44.62.570(a). In exercising its review function, the superior court may inquire as to "(1) whether the [Commission] has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of

discretion." AS 44.62.570(b). Elsewhere, AS 44.62.570 provides:

(c) The court *may exercise its independent judgment on the evidence.* If it is claimed that the findings are not supported by the evidence, abuse of discretion is established if the court determines that the findings are not supported by (1) the weight of the evidence, or (2) substantial evidence in the light of the whole record.

(d) *The court may augment the agency record in whole or in part, or hold a hearing de novo.* If the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing, the court may (1) enter judgment as provided in (e) of this section and remand the case to be reconsidered in the light of that evidence; or (2) admit the evidence at the appellate hearing without remanding the case.

(e) The court shall enter judgment setting aside, modifying, remanding, or affirming the order or decision, without

---

1. The substantive right to peremptorily challenge a judge came into being with the enactment of AS 22.20.022, the validity of which we upheld in *Channel Flying, Inc. v. Bernhardt*, 451 P.2d 570 (Alaska 1969). That section provides in part:

    (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.
    AS 22.20.022(a).

    Subsequent to the enactment of AS 22.20.022 this court promulgated Civil Rule 42(c), which established the procedure to be followed in implementing the substantive right created by the statute. *See Gieffels v. State*, 552 P.2d 661 (Alaska 1976). Civil Rule 42(c) provides in part:

    (1) *Nature of Proceeding.* In an action pending in the Superior or District Courts, each side is entitled as a matter of right to a

change of one judge and of one master. Two or more parties aligned on the same side of an action, whether or not consolidated, shall be treated as one side for purposes of the right to a change of judge, but the presiding judge may allow an additional change of judge to a party whose interests in the action are hostile or adverse to the interests of another party on the same side. A party wishing to exercise his right to a change of judge shall file a pleading entitled "Notice of Change of Judge." The notice may be signed by an attorney, it shall state the name of the judge to be changed, and it shall neither specify grounds nor be accompanied by an affidavit. A judge may honor an informal request for change of judge. When he does so, he shall enter upon the record the date of the request and the name of the party or parties requesting change of judge. Such action shall constitute an exercise of the requesting party's right to change of judge.
Rule 42(c)(1), Alaska R.Civ.P.

2. AS 44.62.560–.570 are part of the Administrative Procedure Act. However, "[t]he [other] administrative adjudication procedures of the . . . Act (AS 44.62) do not apply to adjudicatory proceeding of the Commission . . . ." AS 16.-43.120(a).

limiting or controlling in any way the discretion legally vested in the agency.

Given the nature of such proceedings and the broad authority given to the superior court, we are satisfied that the substantive right contained in AS 22.20.022 was intended to apply in the cases now before us.[3] This conclusion is buttressed by our holding in *In re G. K.*, 497 P.2d 914 (Alaska 1972). *See also Gieffels v. State*, 552 P.2d 661 (Alaska 1976); *McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974). Thus, we conclude that the superior court erred in refusing to recognize petitioners' right to a peremptory challenge.[4]

REVERSED and REMANDED for further proceedings in conformity with this opinion.

BOOCHEVER, J., not participating.

RABINOWITZ, Chief Justice, concurring in part, dissenting in part.

I think that the rule as to peremptory challenges to judges in the superior court sitting as an appeals court must be a uniform one for administrative appeals and for petitions for review from the district court. These are the two situations presented in this case and in *Halligan v. State*, 624 P.2d 281 (Alaska, 1981).

The majority finds the two situations distinguishable for the reasons noted in footnote 3 of the majority opinion. I do not find these reasons persuasive.

In both situations, the superior court has the option of hearing the case de novo in whole or in part.[1] Thus, this factor does not distinguish the two cases for me.

The other distinguishing factor relied upon by the majority is the fact that AS 44.62.570(c), governing administrative appeals, provides that the court may exercise its "independent judgment" on the evidence. I do not read the statute as contradicting the general rule, consistently applied in our case law, that the standard of review depends upon the question reviewed. I think the use of the term "independent judgment" in the statute is intended to set the standard for review of questions of law in which agency expertise is not a consideration. Our cases have indicated that, in that situation, the court is to substitute its own independent judgment in administrative appeals.[2] This same standard applies

---

3. Such proceedings, we believe, are substantially different from the sort of "appeal" that was before us in *Halligan v. State*, 624 P.2d 281 (Alaska, 1981). In that case we considered the availability of a peremptory challenge to one petitioning the superior court for review of an order of the district court suppressing part of the state's evidence in a district court criminal prosecution. We held that AS 22.20.022 does not apply to such cases, when the only action contemplated is review by the superior court of the subordinate court's ruling, *on the record of the proceedings in the district court.* As noted in the text of our present opinion, *supra*, in an appeal from an administrative determination by the Commercial Fisheries Entry Commission, the superior court "may exercise its independent judgment on the evidence." AS 44.-62.570(c). Moreover, short of hearing the matter *de novo*, "[t]he court may augment the agency record in whole or in part," admit evidence that it believes "was improperly excluded," and "enter judgment." AS 44.62.570(d)–(e). Thus, *Halligan* does not control the result in the case at bar.

4. As noted, each of the challenges was timely. We are satisfied that they were otherwise adequate as well.

1. The majority points out that, with respect to administrative appeals, AS 44.62.570 provides that the court may augment the agency record in whole or in part; admit evidence unavailable at the time of, or wrongfully excluded from, the agency hearing; or hold a hearing de novo. The superior court, however, has the same discretion on petitions for review from the district court. Alaska Dist. Ct.R.Civ.P. 31(g) provides that review "shall be on the record unless the superior court, in its discretion, shall direct that the matter be heard wholly or partly on oral testimony or depositions or that other evidence be submitted." Similarly, Alaska Dist. Ct.R. Crim.P. 3 provides that hearings on petitions for review are to be based upon the record generated in the district court unless otherwise ordered by the court.

2. In *Commercial Fisheries Entry Comm'n v. Templeton*, 598 P.2d 77 (Alaska 1979), the court noted that the same standard applied both to the superior court's review of the agency's decision and to the supreme court's review of the superior court's decision:

[Superior Court] Judge Stewart was free to substitute his own judgment as to the proper interpretation of the Act .... Judge Stewart

to review of lower court rulings of law,[3] and thus cannot be a distinguishing factor. I do not think the statute overrules those cases in which we have held that, in reviewing agency findings of fact, the superior court, as well as the supreme court, is to apply the "substantial evidence" test.[4] The standard for reviewing findings of fact made by a judge in the court below is the "clearly erroneous" standard.[5] This standard may allow the reviewing court more discretion to overrule a lower court judge's findings of fact than it has to overrule an agency's findings of fact.[6] As such, the opportunity for the danger against which the peremptory challenge is supposed to protect litigants is presented more by appeals from lower courts than by appeals from agencies, at least as to findings of fact; thus the peremptory challenge protection, if different at all, should be greater in the context of a superior court reviewing the fact findings of a lower court.

I do not think that a different rule should be established for these two situations. I would apply one uniform rule, i. e., where any party has requested permission to submit additional evidence to the superior court on appeal, or where the superior court judge has decided sua sponte to review any aspect of the case de novo,[7] then any party to the appeal has a right to a peremptory challenge (unless, of course, they have previously exercised that right and have thus exhausted it for this proceeding).[8]

Where the appeal is to be decided entirely on the basis of the record, then no peremptory challenge right attaches.

Here, the facts we have do not show that any party requested permission to submit additional evidence, or that the judge sua sponte ordered de novo review of any aspect of the case. As such, I do not think the parties had a peremptory challenge right on the facts as they are presented to us. However, I would remand the case, and, if the parties have requested or do request permission to submit additional evidence, I would allow them to exercise a peremptory challenge in that situation.

---

was in just as good a position to make that judgment as the Commission. Similarly, since a question of statutory interpretation is involved, this court will independently evaluate the trial court's interpretation.
*Id.* at 80–81 (citations and footnotes omitted).

3. *Id. See also Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979).

4. *Interior Paint Co. v. Rodgers*, 522 P.2d 164, 170 (Alaska 1974).

5. Alaska R.Civ.P. 52(a).

6. [T]he scope of review of jury verdicts and of administrative findings is the same .... The scope of review of findings of a judge without a jury, however, is different from the scope of review of administrative findings and of jury verdicts, for findings of a judge may be upset if they are 'clearly erroneous.' Because findings may be clearly erroneous without being unreasonable so as to be upset under the substantial-evidence rule, the scope of review of administrative findings is narrower than the scope of review of a judge's findings.

4 K. Davis, Administrative Law § 29.02, at 120–21 (1958).

7. Implicit in this reasoning is a rule that, when the superior court judge decides that a case should be reviewed on facts dehors the record, he should so advise the parties and give them a reasonable opportunity to exercise their right.

8. I realize that it may seem premature to allow a peremptory challenge solely on the basis of a request for the submission of additional evidence, rather than gearing it to the judge's actual decision as to whether or not to hear such evidence. However, a party concerned about the judge's bias is likely to suspect that any decision not to accept additional evidence was colored by that judge's bias and by the judge's knowledge that acceptance of the evidence would afford the party a peremptory challenge. In the interests of avoiding even the appearance of judicial impropriety, I would find that the peremptory challenge right attaches at the point of the request rather than the actual decision.